An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-115

Filed 4 February 2026

Rockingham County, Nos. 22JT000151-780, 22JT000152-780, 22JT000153-780

IN THE MATTER OF:

A.G.S., C.L.S., Jr., and L.J.S.

Appeal by Respondent-Parents from order entered 3 October 2024 by Judge James A. Grogan in Rockingham County District Court. Heard in the Court of Appeals 12 January 2026.

> *Batch, Poore & Williams, PC, by Sydney Batch, for Respondent-Appellant Mother.*
>
> *Garron T. Michael, Esq., for Respondent-Appellant Father.*
>
> *No brief filed for Appellee Guardian ad Litem or Petitioner-Appellee Rockingham County Department of Health and Human Services.*

PER CURIAM.

Respondent-Mother and Respondent-Father appeal from Adjudication and Disposition orders terminating their parental rights to their minor children. Counsel for Mother and Father filed no-merit briefs under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure.

Counsel filing a Rule 3.1(e) no-merit brief must "identify any issues in the record on appeal that arguably support the appeal and must state why those issues lack merit or would not alter the ultimate result." N.C. R. App. P. 3.1(e). Here, each counsel fully complied with the requirements of Rule 3.1(e).

Mother's counsel identified three issues for our independent review: (1) whether the trial court erred in terminating Mother's parental rights based on neglect and the likelihood of future neglect within the meaning of N.C. Gen. Stat. § 7B-1111(a)(1) by clear, cogent, and convincing evidence; (2) whether the trial court erred in finding grounds to terminate Mother's parental rights under N.C. Gen. Stat. § 7B-1111(a)(2); and (3) whether the trial court abused its discretion by concluding it was in the best interest of the children to terminate Mother's rights.

Father's counsel identified two issues for our independent review: (1) whether the trial court erred in finding grounds to terminate Father's parental rights under N.C. Gen. Stat. § 7B-1111(a)(2), and (2) whether the trial court abused its discretion by concluding it was in the best interest of the children to terminate Father's rights.

This Court conducts an independent review of the issues raised in the no-merit brief. *In re L.E.M.*, 372 N.C. 396, 402 (2019). Based on our review, we are satisfied that the trial court's order terminating Mother's and Father's parental rights "is supported by clear, cogent, and convincing evidence and is based on proper legal grounds." *In re K.M.S.*, 380 N.C. 56, 59 (2022). Accordingly, we affirm the trial court's orders.

AFFIRMED.

Panel consisting of Judges ARROWOOD, COLLINS, and HAMPSON.

Report per Rule 30(e).